UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**GREGORY ARNETT**
    Plaintiff

v.                                                                                                 No. 5:08CV-00062-J

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant

**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by William Kitchen. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 10 and 11, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on November 28, 2006, by administrative law judge (ALJ) Kathleen Thomas. In support of her decision denying Title II benefits, Judge Thomas entered the following numbered findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since December 31, 2004, the alleged onset date (20 CFR 404.1520(b) and 404.1571 et seq.).

3. The claimant has the following severe impairment: degenerative disc disease of the lumbar spine (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

  5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a reduced range of light work. He can lift and carry 20 pounds occasionally and 10 pounds frequently. He can sit for 30 minutes at a time, and stand/walk for 30 minutes at a time for a combined total of eight hours. He can only occasionally climb ladders, ropes, and scaffolds, stoop, and crawl.

  6. The claimant is capable of performing past relevant work as a production laborer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

  7. The claimant has not been under a "disability," as defined in the Social Security Act, from December 31, 2004, through the date of this decision (20 CFR 404.1520(f)).

(Administrative Record (AR), pp. 17-21).

## Governing Legal Standards

  1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching his decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a <u>de minimis</u>, or significant, effect on the claimant's ability to work is "severe," and the sequential

evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). The focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

## Summary of the vocational testimony

At the administrative hearing held on August 30, 2006, the vocational expert (VE) testified as follows:

1. The physical limitations in the standard physical assessment form by the non-examining state agency program physician, including an ability to "occasionally" stoop, would be compatible with a return to the plaintiff's past relevant work, which was "light" (AR, pp. 201-208 and 242).

4

2. The restrictions assigned by the treating physician, J. Kyle Turnbo, would preclude any type of full-time employment to the extent that Dr. Turnbo opined that the plaintiff can sit, stand, and walk for no more than 2 hours (total for each activity) during an 8-hour workday and requires absences from work of 4 or more days per month (AR, p. 211 and 243).

3. The same limitations in hypothetical no. 1 plus additional restrictions of sitting no more than 1 hour at a time and standing no more than 30 minutes at a time would preclude past relevant work but permit performance of a significant number of jobs in the national economy, including "sedentary" cashier and assembler jobs with a sit/stand option (AR, pp. 243-245).

4. The plaintiff's self-reported limitations of standing no more than 30 minutes at a time and sitting no more than 35 minutes at a time and a need to lie down up to 75% of the workday would not permit any type of full-time work (AR, p. 245).

5. If the plaintiff needed to take Lortab in quantities that precluded his ability to perform even two-step procedures, he would be unemployable (AR, p. 246).

## Discussion

ALJ's Finding No. 6 states that this case was denied at the fourth step of the sequential evaluation process. However, the ALJ's written decision indicates that, in the alternative, the decision was at the fifth and final step of the evaluation process, to-wit (AR, p. 21):

> However, while considering the claimant's age, education, past work experience, and current residual functional capacity, the impartial vocational expert was able to identify a significant number of other jobs that the claimant would be able to perform. The impartial vocational expert testified that the claimant could also do work as a cashier and assembler within the limitations set forth in his residual functional capacity. In the State of Kentucky there are 16,000 cashier and 3,000 assemblers that allow a sit/stand option at the light, entry-level. In the National economy there are 150,000 cashiers and 65,000 assemblers.

Judicial review of final decisions of the Commissioner is deferential and contemplates a "harmless error" review. "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Shkabari v. Gonzales*, 427 F.3d 324, 328 (6th Cir., 2005). It is well settled that a VE's testimony in response to hypothetical questions may constitute substantial evidence in support of a denial decision. See *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987). Hence, for purposes of a deferential review, the pertinent hypothetical is the one that contemplated the greatest number of restrictions to which the VE was able to identify an ability to return to past relevant work (step 4 denial) and/or an ability to perform other jobs in the national economy (step 5 denial). See *Pechatsko v. Commissioner*, 369 F.Supp.2d 909 (N.D. Ohio, 2004) (a fourth-step denial should be affirmed upon judicial review if the vocational testimony would have supported a fifth-step denial).

The magistrate judge concludes that, in this case, the pertinent (i.e., most limiting) vocational hypothetical was the third one as summarized above. Hence, the court should affirm the ALJ's decision unless the plaintiff points the court to evidence in the administrative record of a vocationally-significant limitation, which the ALJ was required to accept, in excess of those contemplated by the third hypothetical, i.e., the physical limitations assigned by the non-examining state agency physician at AR, pp. 201-208, plus sitting no more than 1 hour at a time and standing no more than 30 minutes at a time. The magistrate judge concludes that the plaintiff has failed to identify any such evidence. Therefore, we shall recommend an affirmance of the Commissioner's final decision.

The plaintiff's primary contention upon judicial review is that the ALJ was required to give controlling weight to the medical opinions of his treating physician, Dr. Turbo, to the effect that he is able to sit, stand, and walk for no more than 2 hours (total for each activity) during an 8-hour workday and would require absences from work of 4 or more days per month (AR, p. 211). As noted above, the VE testified that these limitations are incompatible with any type of full-time employment (AR, p. 243).

20 C.F.R. § 404.1527(e) provides that an opinion from medical sources that a claimant is "unable to work" full-time or any other opinion on an issue that is "dispositive of a case, i.e., that would direct the determination or decision of disability" is not deemed to be a "medical opinion" but rather a medical source opinion on an issue "reserved to the Commissioner" and, as such, is entitled to no "special significance." The magistrate judge concludes that the ALJ did not err in declining to give controlling weight to Dr. Turbo's per-se disabling opinions on issues "reserved to the Commissioner." The residual functional capacity (RFC) determination is expressly reserved for the Commissioner, and this is especially so when the RFC assigned by a medical source is tantamount to a finding of disability. See 20 C.F.R. §§ 404.1527(e)(2) and 404.1546. Such a determination is part of the disability evaluation. 20 C.F.R. § 404.1546. Stated somewhat differently, Dr. Turnbo did not "know," in the sense of an objective medical fact, that, if properly motivated, the plaintiff would be incapable of sustaining alternate sitting/standing for an 8-hour workday and would require absences in excess of 4 days per month. Therefore, as a threshold matter, Dr. Turnbo's opinion was not a genuine "medical opinion." We do not reach the issue of whether such an opinion was entitled to controlling weight pursuant to 20 C.F.R. § 404.1527(d)(2) because the regulation applies only to "medical opinions."

The magistrate judge does not disagree with the plaintiff's position that there is a great deal of objective medical evidence in the administrative record to the effect that he suffers from a particularly severe case of degenerative disc disease of the lumbar spine. Indeed, the ALJ acknowledged that "the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms" (AR, p. 19). However, it cannot be said that the objective medical evidence <u>confirmed</u> the severity of the pain alleged. In such cases, the Commissioner considers various medical and non-medical factors. See 20 C.F.R. § 404.1529(c)(3). In light of these factors, the ALJ concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" (AR, p. 19). "The absence of sufficient objective medical evidence [confirming the degree of pain limitations alleged] makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." *Walters v. Commissioner*, 127 F.3d 525, 531 (6th Cir., 1997). The plaintiff has failed to show that the ALJ's RFC assessment lacked an adequate basis in light of the medical and non-medical evidence, including daily activities, as a whole.

Next, the plaintiff argues that the ALJ erred in failing even to mention the assessment of treating neurosurgeon, Rex Arendall (Docket Entry No. 10, p. 6). Dr. Arendall completed the same form as Dr. Turnbo and at about the same time in August of 2006 (AR, pp. 211 and 212). The magistrate judge concludes that the limitations assigned by Drs. Turnbo and Arendall are substantially the same. To the extent Dr. Arendall opined greater limitations and his opinions are medical opinions, the ALJ was not required to give controlling weight to said opinions for the following reasons:

8

1.  A treating source medical opinion is entitled to controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(d)(2).

2.  One "obvious inconsistency [is] when two medical sources provide inconsistent medical opinions about the same issue." Social Security Ruling (SSR) 96-2p.

Finally, the plaintiff argues that, because the ALJ mentioned the plaintiff's acceptance of unemployment benefits as indicative of an ability to work, she should have considered the cessation of benefits as establishing a later onset of disability date (Docket Entry No. 10, pp. 9-10). The magistrate judge concludes that, to the extent the argument has merit, it does not establish a reversible error. The ALJ's decision is supported by substantial evidence independently of any passing comment about receipt of unemployment benefits.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).